Mathew K. Higbee, Esq., SBN 11158
**HIGBEE & ASSOCIATES**
2445 Fire Mesa Street, Suite 150
Las Vegas, NV 89128
(714) 617-8352 telephone
(714) 617-8511 facsimile
Email: mhigbee@higbeeassociates.com

Carlos C. Alsina, Esq.
*Pro Hac Vice* admission application to follow
**The Law Offices of Jeffrey Lohman, P.C.**
4740 Green River Rd., Suite 310
Corona, CA 92880
(657) 363-3331 telephone
(657) 246-1311 facsimile
Email: CarlosA@jlohman.com

# UNITED STATES DISTRICT COURT
# NEVADA DISTRICT COURT

| | |
|---|---|
| RODRIGO MIJARES, | Case No. _____ |
| Plaintiffs, | |
| v. | **COMPLAINT** |
| CAPITAL ONE BANK (USA), N.A., | **DEMAND FOR JURY TRIAL** |
| Defendant. | |

NOW COMES Plaintiff, RODRIGO MIJARES ("Plaintiff"), through his attorneys, and hereby alleges the following against Defendant, CAPITAL ONE BANK (USA), N.A. ("Defendant"):

## INTRODUCTION

1. Plaintiff brings this action on behalf of himself individually seeking damages and any other available legal or equitable remedies resulting from the illegal actions of Defendant, in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone in

1

violation of the Telephone Consumer Protection Act (hereinafter "TCPA"), 47 U.S.C. § 227 *et seq*.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 47 U.S.C. §227(b)(3). <u>See</u>, <u>Mims v. Arrow Financial Services, LLC</u>, 565 U.S. 368 (2012), holding that federal and state courts have concurrent jurisdiction over private suits arising under the TCPA.

3. Venue is proper in the United States District Court for the District of Nevada pursuant to 28 U.S.C § 1391(b)(2) because Plaintiff resides within this District and a substantial part of the events or omissions giving rise to the herein claims occurred, or a substantial part of property that is the subject of the action is situated within this District.

## PARTIES

4. Plaintiff is a natural person residing in Lyon County, in the city of Silver Springs, Nevada.

5. Defendant is a nationally chartered bank doing business in the State of Nevada.

6. At all times relevant to this Complaint, Defendant has acted through its agents, employees, officers, members, directors, heir, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

## FACTUAL ALLEGATIONS

7. Defendant placed collection calls to Plaintiff seeking and attempting to collect on alleged debts incurred through purchases made on credit issued by Defendant.

8. Defendant placed collection calls to Plaintiff's cellular telephone at phone number (702) XXX-5100.

9. Defendant placed collection calls to Plaintiff from various phone numbers including, but not limited to (800) 955-6600.

10. On information and belief based on the pattern of calls and Defendant's prior business practices, Defendant's calls were placed with an automated telephone dialing system ("auto-dialer").

11. Defendant used an "automatic telephone dialing system", as defined by 47 U.S.C. § 227(a) (1) to place its telephone calls to Plaintiff seeking to collect a consumer debt allegedly owed by Plaintiff, Rodrigo Mijares.

12. Defendant's calls did not constitute calls for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

13. Defendant's calls were placed to a telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

14. Defendant never received Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on his cellular telephone pursuant to 47 U.S.C. § 227(b)(1)(A).

15. On or about November 2, 2017, the Plaintiff spoke with Defendant's customer service representative who answered at phone number (800) 955-6600, and requested that Defendant cease calling Plaintiff's cellular phone.

16. During the conversation on November 2, 2017, Plaintiff gave Defendant both his phone number and social security number to assist Defendant in identifying him and accessing his account information before asking Defendant to stop calling his cell phone.

17. Plaintiff revoked any consent, explicit, implied, or otherwise, to call his cellular telephone and/or to receive Defendant's calls using an automatic telephone dialing system in his conversation with Defendant's representative November 2, 2017.

18. Despite Plaintiff's request to cease, Defendant continued to place calls to Plaintiff after November 2, 2017.

19. Defendant continued to place collection calls to Plaintiff, at the very least, through December 27, 2017.

20. Despite Plaintiff's request that Defendant cease placing automated collection calls, Defendant placed at least sixty-two (62) automated calls to Plaintiff's cell phone.

## FIRST CAUSE OF ACTION
## NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227

21. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-20.

22. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 et seq.

23. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. §227(b)(3)(B).

24. Plaintiff is also entitled to seek injunctive relief prohibiting such conduct in the future.

//

//

//

## SECOND CAUSE OF ACTION
## KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227 et. seq.

25. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-20.

26. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 et seq.

27. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

28. Plaintiff is also entitled to seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Rodrigo Mijares, respectfully requests judgment be entered against Defendant, Capital One Bank (USA), N.A., for the following:

## FIRST CAUSE OF ACTION

29. For statutory damages of $500.00 multiplied by the number of negligent violations of the TCPA alleged herein (62); $31,000.00;

30. Actual damages and compensatory damages according to proof at time of trial;

## SECOND CAUSE OF ACTION

31. For statutory damages of $1,500.00 multiplied by the number of knowing and/or willful violations of TCPA alleged herein (62); $93,000;

32. Actual damages and compensatory damages according to proof at time of trial;

## ON ALL CAUSES OF ACTION

33. Litigation costs and reasonable attorneys' fees;

34. Any other relief that this Honorable Court deems appropriate.

**JURY TRIAL DEMAND**

35. Plaintiff demands a jury trial on all issues so triable.

RESPECTFULLY SUBMITTED,

Dated: September 28, 2018

By: **/s/ Mathew K. Higbee**
Mathew K. Higbee, Esq., SBN 11158
HIGBEE & ASSOCIATES
2445 Fire Mesa Street, Suite 150
Las Vegas, NV 89128
Tel. (714) 617-8352
Facsimile (714) 617-8511

By: **/s/Carlos C. Alsina**
Carlos Alsina, Esq.
*Pro Hac Vice* admission pending
THE LAW OFFICES OF JEFFREY LOHMAN, P.C.
4740 Green River Rd., Suite 310
Corona, CA 92880
Tel. (657) 363-3331
Facsimile (657) 246-1311
*Attorneys for Plaintiff Rodrigo Mijares*